IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE CLEVELAND CLINIC FOUNDATION, | ) ) ) | CASE NO. 1:09 CV 718 |
| Plaintiff, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | MEMORANDUM OPINION AND ORDER |
| BLUE HERON HEALTHPRO, LLC, | ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on several motions: Defendant Blue Heron HealthPro, LLC's, ("Blue Heron"), Motion To Stay The Action Pending Arbitration. (ECF #6); Plaintiff's Emergency Motion for Order Directing Defendant Blue Heron HealthPro, LLC to Provide Access to Its Books and Accounts (ECF #9); and, Defendant's Motion for Protective Order Staying Discovery (ECF #12). Briefs in Opposition to each of these motions have been filed. (ECF #8, 11, 15), and Replies have been filed for the first two motions (ECF #10, 14). These matters are now fully briefed and ready for ruling. After a thorough review of all of the briefs, supporting documents (including the contract at issue), and relevant law, the Court finds that the Defendant's

Motion for stay is not well-taken, and it is, therefore, DENIED. Plaintiffs are entitled to the Discovery they have requested.

## FACTS

The relevant facts are not in dispute. Blue Heron is a healthcare recruiting company involved in the staffing of foreign healthcare professionals (including registered and licensed practical nurses) in United States facilities. On or about September 9, 2006, the Cleveland Clinic and Blue Heron entered into an agreement whereby Blue Heron would locate and arrange nurses to fill vacancies at the Cleveland Clinic in exchange for a set payment (hereinafter "the Agreement"). Article XVI of the Agreement contains an arbitration clause that states as follows

> The parties shall first attempt to resolve any dispute arising hereunder by good faith negotiations. In the event negotiations fails to produce a resolution within thirty (30) days of beginning negotiations to any dispute, either party may request such dispute to be submitted to arbitration. Any such agreed upon arbitration will be resolved by a mutually agreed upon arbitrator. The parties shall share equally in the cost of the arbitrator and be responsible for their own attorney's fees.

(Motion to Stay, Ex. 3: Agreement, Article XVI - Dispute Resolution). There is a dispute between the parties, arising from the Agreement, which has led to the filing of this lawsuit. Defendants wish to arbitrate the dispute. They argue that under Article XVI of the Agreement, arbitration is mandatory when one (either) party to the Agreement requests arbitration. Plaintiff disagrees, arguing that the plain language of the Agreement allows for arbitration only if both parties agree to arbitrate a specific dispute. There is no allegation that Plaintiffs ever consented to arbitrate this specific dispute.

The Agreement also contains a clause giving Plaintiffs the right to audit the Defendants

books and accounts. Article V of the Agreement states:

> [d]uring the period of the Agreement, [Blue Heron] shall maintain books and accounts of the costs relating to the Services described herein in accordance with generally accepted accounting principles and practices. [Cleveland Clinic] shall have access to these books and accounts during normal business hours to the extent required to verify all costs for a period of three (3) years after completion of [Blue Heron's] services.

(Motion to Stay, Ex. 3: Agreement, Article V- Right to Audit). There is no dispute that Blue Heron did not complete the services anticipated under the Agreement. Plaintiff has moved for an Order allowing it access to the business records of Blue Heron "to the extent required to verify all costs" associated with the Agreement. Defendants oppose the motion claiming that their Motion to Stay the Action Pending Arbitration should be decided first. Although, in addition, they argue that Plaintiff are not being fair or logical in making their request, they offer no other legal argument against granting Plaintiff's motion. Defendant also filed a motion for protective order staying all discovery until after the arbitration issue has been decided.

## ANALYSIS

The Federal Arbitration Act ("FAA"), and the courts applying it, recognize that a written arbitration agreement is a contract, and, as such, is subject to the laws which govern the enforcement of contracts generally. *See, e.g., Greentree Financial Corp. v. Randolph,* 531 U.S. 79, 90 (2000); *Doctor's Associates, Inc. V. Casarotto*, 517 U.S. 681, 685 (1996)(citing *Perry v. Thomas*, 482 U.S.483, 493, n.9 (1987)); 9 U.S.C. §2. Federal law favors the enforcement of valid arbitration agreements, but does not elevate them over other contracts. *Id.* "The federal policy in favor of arbitration is not an absolute one. Arbitration under the Federal Arbitration Act is 'a

-3-

matter of consent, not coercion.'" *Albert M .Higley Co. V. N/S Corp.*, 445 F.3d 861, 863 (6th Cir. 2006)(quoting *Volt Info. Sciences v. Board of Trustees*, 489 U.S. 468, 479 (1989)). When determining whether to enforce an arbitration clause, a court must answer two questions: (1) whether there is an agreement to arbitrate and (2) whether the claims at issue are covered by the arbitration agreement. *See Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). In this case, the parties disagree on whether an Agreement to arbitrate exists, absent consent from both sides.

Courts are bound to abide by the clear terms expressed in an agreement. *See Hamilton Ins. Servs., Inc. v. Nationwide Ins. Cos.*, 714 N.E.2d 898, 901 (Ohio 1999). When the terms of the contract are clear on their face, the Court does not look further for evidence of a contrary intent. *See, e.g., The Lincoln Elec. Co. v. St. Paul Fire and Marine Ins. Co.*, 210 F.3d 672, 683 (6th Cir. 2000). The plain language of the Agreement, specifically Article XVI, does not create an enforceable right of arbitration without mutual consent of the parties. Rather, it defines the terms to be followed if the parties mutually agree to arbitrate. The Agreement provides that in the event of a dispute any party may "request" arbitration, and any "agreed upon" arbitration will be resolved by an "agreed upon" arbitrator. (Motion to Stay, Ex. 3: Agreement, Article XVI)(emphasis added). Further, if an agreed upon arbitration occurs, the parties agree to "share equally in the cost ... and be responsible for each of their own attorney's fees." (*Id.*) There is no language whatsoever in the Agreement that would indicate that one party could unilaterally bind the other to arbitration. Therefore, the Defendants' Motion to Stay The Action Pending Arbitration (ECF #6), is hereby DENIED.

As the pendency of the Motion to Stay proceedings was the only legal basis for opposing

-4-

Plaintiff's Motion for an Order granting access to Blue Heron's books and accounts, and Blue Heron does not dispute that the Agreement clearly gives Plaintiff the right to audit those books and accounts, Plaintiff's motion (ECF # 9) is hereby GRANTED. It also follows that Defendant's motion to stay discovery no longer has any legal basis and it is, therefore, DENIED.

## CONCLUSION

For the reasons set forth above, Defendant Blue Heron HealthPro, LLC's, Motion To Stay The Action Pending Arbitration (ECF #6) is DENIED; Plaintiff's Emergency Motion for Order Directing Defendant Blue Heron HealthPro, LLC to Provide Access to Its Books and Accounts (ECF #9) is GRANTED; and, Defendant's Motion for Protective Order Staying Discovery (ECF #12) is DENIED. Pursuant to the terms of the Agreement, Defendant, Blue Heron, is hereby ordered to allow Plaintiff access to its books and accounts, during normal business hours, to the extent required to verify all costs associated with the Agreement, within three days of this Order (or as otherwise agreed between the parties).

DONALD C. NUGENT
United States District Judge

DATED: June 24, 2009

-5-